**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| CONFORMIS, INC., | |
| *Plaintiff*, | |
| v. | Civil Action No.: |
| BODYCAD LABORATORIES, INC.; BODYCAD USA CORP.; and EXACTECH, INC. | |
| *Defendants*. | |

**COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT**
**INJUNCTIVE RELIEF REQUESTED,**
**AND DEMAND FOR A JURY TRIAL**

Plaintiff Conformis, Inc. ("Conformis"), for its Complaint and demand for a jury trial seeking relief for patent infringement against Defendants Bodycad Laboratories, Inc., Bodycad USA Corp. (together, "Bodycad"), and Exactech, Inc. ("Exactech") (collectively, "Defendants"), states and alleges as follows:

## I.    THE PARTIES

1.    Plaintiff Conformis, Inc. is incorporated in Delaware with its worldwide headquarters at 600 Technology Park Drive, Billerica, Massachusetts, 01730.

2.    On information and belief, Defendant Bodycad Laboratories, Inc. is a corporation organized under the laws of Canada, having a principal place of

business at 2035 rue du Haut-Bord, Quebec G1N 4R7, and maintains a place of business at 5935 Barclay Lane Naples, FL 34110.

3.      On information and belief, Defendant Bodycad USA Corp. is a corporation organized under the laws of the state of Delaware, having a principal place of business at 5935 Barclay Lane Naples, FL 34110.

4.      On information and belief, Defendant Exactech, Inc. is a corporation organized under the laws of the State of Florida, and maintains a place of business at 1189 Tallevast Road, Sarasota, Florida 34243.

5.      On information and belief, Defendant Bodycad USA Corp. is a wholly-owned subsidiary of Defendant Bodycad Laboratories, Inc.

6.      On information and belief, each of the Defendants work together to provide patient-specific surgical solutions in the United States and perform computer-aided design of custom medical devices, such as custom implants, as part of those services.

## II.    JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over Conformis's claims under 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

8.      Defendants are subject to this Court's general and specific personal jurisdiction at least because:  (1) Exactech is at home in the State of Florida where

it is incorporated; (2) Defendants have registered agents for service of process in Florida, regularly conduct business in the State of Florida and within this judicial district, and have substantial and continuous contacts within this judicial district; (3) Defendants have purposefully availed themselves of the privileges of conducting business in this judicial district and have a regular and established place of business in this judicial district; and (4) Defendants have committed acts of patent infringement in this judicial district by selling and offering to sell products and services throughout the United States, including in this judicial district, and introducing infringing products and services into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

9.     Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b)–(c) and 1400.

## III.   THE ASSERTED PATENTS

10.     Conformis has developed significant intellectual property associated with its iFit® technology, its patient-specific implants, and its iJig® patient-specific instruments, including a large portfolio of patents and pending patent applications.  These patents and patent applications span a range of related technologies including imaging software, image processing, patient-specific orthopedic implants, patient-specific orthopedic instrumentation, methods of

design and manufacture of patient-specific systems, and related surgical techniques.  The technology covered by this patent portfolio is applicable to all major joint systems, including knee, hip, shoulder, and ankle joints.

11.     Patent authorities worldwide have recognized that Conformis's patient-specific instrument systems are worthy of patent protection and have granted Conformis over 200 patents on its technologies.  The United States Patent and Trademark Office ("USPTO") awarded a robust patent portfolio that protects Conformis's inventions relating to its iFit® technology, its patient-specific implants, and its iJig® patient-specific instruments, including:

12.     On March 10, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,974,539 ("the '539 Patent"), entitled "Patient-Adapted and Improved Articular Implants, Designs and Related Guide Tools," to Raymond A. Bojarski, Nam Chao, John Slamin, Philipp Lang, Wolfgang Fitz, and Daniel Steines.  Conformis is the owner by assignment of the '539 Patent.  A copy of the '539 Patent is attached hereto as Exhibit A.

13.     On July 12, 2016, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,387,079 ("the '079 Patent"), entitled "Patient-Adapted and Improved Articular Implants, Designs and Related Guide Tools," to Raymond A. Bojarski, John Slamin, Phillip Lang, Wolfgang Fitz, and Daniel

Steines.  Conformis is the owner by assignment of the '079 Patent.  A copy of the '079 Patent is attached hereto as Exhibit B.

14.     On September 21, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,799,077 ("the '077 Patent"), entitled "Minimally Invasive Joint Implant With 3-Dimensional Geometry Matching the Articular Surfaces," to Philipp Lang, Daniel Steines, Hacene Bouadi, David Miller, Barry J. Linder, and Cecily Anne Snyder.  Conformis is the owner by assignment of the '077 Patent.  A copy of the '077 Patent is attached hereto as Exhibit C.

15.     On December 13, 2011, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,077,950 ("the '950 Patent"), entitled "Methods for Determining Meniscal Size and Shape and For Devising Treatment," to Konstantinos Tsougarakis, Daniel Steines, Bhaskar Rao Vissa, Philipp Lang, and Barry J. Linder.  Conformis is the owner by assignment of the '950 Patent.  A copy of the '950 Patent is attached hereto as Exhibit D.

16.     On January 28, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,638,998 ("the '998 Patent"), entitled "Fusion of Multiple Imaging Planes for Isotropic Imaging in MRI and Quantitative Image Analysis Using Isotropic or Near-Isotropic Imaging," to Daniel Steines, Bijan Timsari, Konstantinos Tsougarakis, and Philipp Lang.  Conformis is the owner by

assignment of the '998 Patent.  A copy of the '998 Patent is attached hereto as Exhibit E.

17.     On November 10, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,180,015 ("the '015 Patent"), entitled "Implants for Altering Wear Patterns of Articular Surfaces," to Wolfgang Fitz, Raymond Bojarski, and Philipp Lang.  Conformis is the owner by assignment of the '015 Patent.  A copy of the '015 Patent is attached hereto as Exhibit F.

18.     Collectively, the '539, '079, '077, '950, '998, and '015 Patents are the "Asserted Patents."

19.     This is an action for infringement of the Asserted Patents.

## IV.    FACTUAL BACKGROUND

*Conformis's Revolutionary Technology*

20.     Conformis is the world's leading designer, developer, and manufacturer of patient-specific knee and hip implants and the surgical tools to fit those implants into a specific patient's body.  Founded by doctors affiliated with Stanford and Harvard Medical Schools, Conformis began with a revolutionary idea: make the implant fit the patient rather than forcing the patient to fit the implant.

21.     For decades before Conformis's innovation—and continuing today— implant manufacturers offered surgeons a standard set of implant sizes, akin to the

small-medium-large sizing in off-the-rack department stores.  This approach forces the surgeon to pick an implant size that appears closest in fit to the patient's anatomy but is not designed for and does not truly fit each individual patient.  The surgeon must therefore make size, shape, and other compromises to fit the implant as best as possible.

22.     These blunt efforts are further hampered by using standard tools to implant standard implants, none of which are designed using an individual patient's anatomy.  Because of this imprecise approach, patients often suffer loss of movement and function, instability, and lingering pain after surgery.

23.     Conformis recognized that the conventional joint-repair process was backwards: rather than fitting the patient to the implant, the implant should be designed and developed specifically for the patient.  This produces a better-fitting implant with a shape that feels more natural to the patient because patients vary physiologically in the size, dimensions, shape, position, orientation, and range of motion of their joints.

24.     Conformis therefore set out to develop its proprietary iFit® technology to create both patient-specific implants and instruments.  Conformis implants are individually sized and shaped to fit each patient's unique anatomy, providing a precise anatomic fit and better preserving healthy tissue while leading to increased function and a more natural feel.  The patient-specific instrument

systems of Conformis—which use Conformis's iJig® technology—precisely place the patient-specific implant, reduce surgical time and trauma, and create a reproducible surgical technique.  Conformis iJigs® eliminate many of the traditional instruments associated with conventional surgery while concurrently simplifying and improving the surgical technique.

25.     By combining personalized implants with patient-specific instrumentation, a surgeon can provide treatment that: a) is tailored to the patient; b) preserves more of the patient's joint; and c) minimizes surgical trauma.  These patient-specific implant systems fit and work with the individual patient's anatomy.

26.     Conformis's patient-specific implant systems are recognized around the world.  The U.S. Food and Drug Administration has approved knee and hip implant systems by Conformis for use in the United States.  The European Union has approved Conformis's knee-implant systems for use in Europe.  And Conformis currently sells a full line of patient-specific knee- and hip-implant systems in many countries worldwide.  To date, Conformis's patient-specific implants and customized tools have helped improve the lives of thousands of Americans.

*Defendants' Infringing Activities*

27.     Bodycad makes a line of patient-specific surgical systems and proprietary software that allows surgeons to customize Unicondylar Knee Replacement ("Uni") surgery, a procedure that replaces a single compartment of an arthritic knee (the "Reflex Uni Accused System").  *See generally* Exs. N-U. Bodycad's Reflex Uni™ offers a "unique combination of personalized planning, guides and personalized implants [] designed to produce a more predictable outcome that does the compromise of off the shelf solutions to obtain fit and proper placement."  Ex. P.

28.     Bodycad also offers a line of patient-specific surgical systems and proprietary software that allows surgeons to customize knee osteotomy surgery, a procedure where either the tibia or femur is cut and then reshaped to relieve pressure on the knee joint (the "Fine Osteotomy Accused System").  *See generally* Exs. U-AB.  Bodycad's "Fine Osteotomy™ for the knee is a system for planning and performing osteotomies of the distal femur and proximal tibia, and for stabilizing the bone with bone screws and a patient-specific bone plate designed to fit the patient's anatomy."  Ex. AA at 5.

29.     On December 5, 2019, the Food and Drug Administration (FDA) provided 510(k) clearance for the "BC Reflex Uni Knee System" under the Device Classification Name: "Knee Joint Femorotibial Metal/Polymer Non-Constrained

Cemented Prosthesis." Ex. T at 1.  On March 25, 2020, the FDA provided 510(k)

clearance for "FINE Osteotomy around the knee" under the Device Classification

Name: "Single/Multiple Component Metallic Bone Fixation Appliances and

Accessories."  Ex. AA at 1.

30.     On information and belief, on November 24, 2020, Exactech and

Bodycad announced an exclusive distribution agreement making Exactech the sole

distributor of Bodycad's Reflex Uni Accused System in the United States, under

the name "Truliant Reflex Uni."

31.     Defendants market the Reflex Uni Accused System as the BC Reflex

Uni™ or Truliant Reflex Uni, designed and/or used in collaboration with the

Bodycad PREP Tech™.  *See e.g.* Exs. O, R.  Defendants also market that the

Reflex Uni Accused System "uses the newest technologies, like 3D printing to

manufacture products specially designed for your patient."  Ex. R at 1.



Ex. N at 1.  The Reflex Uni Accused System includes a femoral component and tibial baseplate.  Ex. R at 2.

32.    Bodycad markets its Fine Osteotomy Accused System as "synonymous with our highly accurate Bodycad copyrighted software.  We use the latest technology, including a 3D printed patient- specific surgical guide adapted to you as determined by your treating physician.  It also includes a plate that is perfectly adapted to your situation and the osteotomy, that matches the angular correction chosen by your treating surgeon."  Ex. V at 2.



Ex. V at 1. Bodycad further markets that its "proprietary software is the heart of our process, enabling orthopaedic surgeons to achieve a personalized restoration based on your precise anatomical specifications." Ex. V at 2.

33. On information and belief, Defendants are infringing the Asserted Patents by making, using, providing, offering to sell, importing, and selling (directly or through intermediaries) the Reflex Uni Accused System in this District and elsewhere in the United States, and by contributing to the infringement of, or inducing others to infringe the Asserted Patents.

34. On information and belief, Bodycad is infringing the Asserted Patents by making, using, providing, offering to sell, importing, and selling (directly or through intermediaries) the Fine Osteotomy Accused System in this District and

elsewhere in the United States, and by contributing to the infringement of, or inducing others to infringe the Asserted Patents.

## FIRST CLAIM FOR RELIEF

## (Infringement of the '539 Patent)

*Against all Defendants*

35.     Conformis realleges paragraphs 1–34 above as if fully set forth herein.

36.     The '539 Patent is a valid, enforceable patent that was duly issued by the USPTO on March 10, 2015.  Ex. A.

37.     Conformis is the assignee of the '539 Patent with ownership of all substantial rights in the '539 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

38.     Defendants have directly infringed, and continue to directly infringe, at least claim 1 of the '539 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Reflex Uni Accused System.

39.     Claim 1 of the '539 Patent claims:

A femoral implant for repairing a knee joint of a patient, comprising:

> a condylar portion having an articulating surface and a bone-facing surface,
>
> wherein the articulating surface has a sagittal curvature derived from patient-specific image data of the knee joint of the patient.

40.     Defendants' Reflex Uni Accused System meets each of the above limitations.

41.     A more detailed analysis of Defendants' infringement of the '539 Patent can be found in Exhibit G, which is incorporated in its entirety as if set forth herein.

42.     Defendants have actively induced others to infringe at least claim 1 of the '539 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and import into the United States the Reflex Uni Accused System.

43.     Defendants have also contributed, and continue to contribute, to their customers' and end users' direct infringement of the '539 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Reflex Uni Accused System to end-users.  The Reflex Uni Accused System is specially made using joint information derived from image data of an individual patient's joint.  Such individualized surgical instruments are not staple articles of commerce and are not suitable for any substantial non-infringing use.  Defendants' use infringes at least claim 1 of the '539 Patent.

44.     Conformis has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

45.     Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Conformis for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '539 Patent.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '079 Patent)

*Against all Defendants*

46.     Conformis realleges paragraphs 1–45 above as if fully set forth herein.

47.     The '079 Patent is a valid, enforceable patent that was duly issued by the USPTO on July 12, 2016.  Ex. B.

48.     Conformis is the assignee of the '079 Patent with ownership of all substantial rights in the '079 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

49.     Defendants have directly infringed, and continue to directly infringe, at least claim 1 of the '079 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Reflex Uni Accused System.

50.     Claim 1 of the '079 Patent claims:

A patient-specific femoral implant for implantation on a portion of a femur of a patient's knee, comprising:

a condylar portion having a bone-facing surface for abutting at least a portion of a condyle of the patient's knee and an articular surface generally opposite the bone-facing surface;

the articular surface having a patient-specific curvature generally disposed in a first plane, the patient-specific curvature substantially replicating a corresponding curvature of at least a portion of the patient's condyle and being located approximately in the same location as the corresponding curvature of the patient's condyle when the bone-facing surface abuts the condyle.

51.     Defendants' Reflex Uni Accused System meets each of the above limitations.

52.     A more detailed analysis of Defendants' infringement of the '079 Patent can be found in Exhibit H, which is incorporated in its entirety as if set forth herein.

53.     Defendants have actively induced others to infringe at least claim 1 of the '079 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and import into the United States the Reflex Uni Accused System.

54.     Defendants have also contributed, and continue to contribute, to their customers' and end users' direct infringement of the '079 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Reflex Uni Accused System to end-users.  The Reflex Uni Accused System is specially made using joint information derived from image data of an individual patient's joint.  Such individualized surgical instruments are not staple articles of commerce and are not

suitable for any substantial non-infringing use.  Defendants' use infringes at least claim 1 of the '079 Patent.

55.    Conformis has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

56.    Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Conformis for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '079 Patent.

<u>**THIRD CLAIM FOR RELIEF**</u>

<u>**(Infringement of the '077 Patent)**</u>

*Against all Defendants*

57.    Conformis realleges paragraphs 1–56 above as if fully set forth herein.

58.    The '077 Patent is a valid, enforceable patent that was duly issued by the USPTO on September 21, 2010.  Ex. C.

59.    Conformis is the assignee of the '077 Patent with ownership of all substantial rights in the '077 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

60.    Defendants have directly infringed, and continue to directly infringe, at least claim 65 of the '077 Patent in violation of 35 U.S.C. § 271(a) by, for

example and without limitation, making, using, offering to sell, selling, and/or

importing in and into the United States the Reflex Uni Accused System.

61.    Claim 65 of the '077 Patent claims:

An articular implant having a first surface and a second surface

> wherein the first surface opposes a first articular surface of a joint and
> the second surface opposes a second articular surface of the joint and
> further
>
> wherein at least a portion of each of the first and second surfaces of
> the implant has a three-dimensional shape that substantially conforms
> with or duplicates the shape of the first articular surface so as to have
> at least one of a convexity and a concavity on the first and second
> surfaces of the implant, the first articular surface being one of a
> substantially uncut articular cartilage surface and a substantially uncut
> subchondral bone surface,
>
> wherein the implant has a plurality of components, and
>
> wherein a first component of the plurality of components engages a
> second component of the plurality of components in at least one of
> slideably and rotatably.

62.    Defendants' Reflex Uni Accused System meets each of the above

limitations.

63.    A more detailed analysis of Defendants' infringement of the '077

Patent can be found in Exhibit I, which is incorporated in its entirety as if set forth

herein.

64.    Defendants have actively induced others to infringe at least claim 65

of the '077 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make,

use, sell, offer to sell, and import into the United States the Reflex Uni Accused System.

65.    Defendants have also contributed, and continue to contribute, to their customers' and end users' direct infringement of the '077 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Reflex Uni Accused System to end-users.  The Reflex Uni Accused System is specially made using joint information derived from image data of an individual patient's joint.  Such individualized surgical instruments are not staple articles of commerce and are not suitable for any substantial non-infringing use.  Defendants' use infringes at least claim 24 of the '077 Patent.

66.    Conformis has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

67.    Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Conformis for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '077 Patent.

## <u>FOURTH CLAIM FOR RELIEF</u>

### <u>(Infringement of the '950 Patent)</u>

*Against all Defendants*

68.     Conformis realleges paragraphs 1–67 above as if fully set forth herein.

69.     The '950 Patent is a valid, enforceable patent that was duly issued by the USPTO on December 13, 2011.  Ex. D.

70.     Conformis is the assignee of the '950 Patent with ownership of all substantial rights in the '950 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

71.     Defendants have directly infringed, and continue to directly infringe, at least claim 9 of the '950 Patent in violation of 35 U.S.C. § 271(a) and/or (g) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Reflex Uni Accused System.  Bodycad has also directly infringed, and continues to directly infringe, at least claim 9 of the '950 Patent in violation of 35 U.S.C. § 271(a) and/or (g) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Fine Osteotomy Accused System.

72.     Claim 9 of the '950 Patent claims:

A method for designing an implant for repairing a joint of a patient comprising the following steps:

obtaining image data for the joint;

fusing at least two imaging planes from the image data for the joint;

segmenting image data of at least one articular surface of the joint; and

converting the segmented image data into an implant surface of the articular repair system.

73.    Defendants' Reflex Uni Accused System and Bodycad's Fine Osteotomy Accused System meet each of the above limitations and/or are made by processes that meet each of the above limitations.

74.    A more detailed analysis of Defendants' infringement of the '950 Patent can be found in Exhibits J (Reflex Uni Accused System) and M (Fine Osteotomy Accused System), which are incorporated in their entirety as if set forth herein.

75.    Defendants have actively induced others to infringe at least claim 9 of the '950 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and import into the United States the Reflex Uni Accused System.  Bodycad has also actively induced others to infringe at least claim 9 of the '950 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and import into the United States the Fine Osteotomy Accused System.

76.    Defendants have also contributed, and continue to contribute, to its customers' and end users' direct infringement of the '950 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Reflex Uni Accused System

to end-users.  Bodycad has also contributed, and continues to contribute, to its customers' and end users' direct infringement of the '950 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Fine Osteotomy Accused System.  The Reflex Uni Accused System and Fine Osteotomy Accused System are specially made using joint information derived from image data of an individual patient's joint.  Such individualized surgical instruments are not staple articles of commerce and are not suitable for any substantial non-infringing use. Defendants' use infringes at least claim 9 of the '950 Patent.

77.    Conformis has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

78.    Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Conformis for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '950 Patent.

## FIFTH CLAIM FOR RELIEF

## (Infringement of the '998 Patent)

*Against all Defendants*

79.    Conformis realleges paragraphs 1–78 above as if fully set forth herein.

80.     The '998 Patent is a valid, enforceable patent that was duly issued by the USPTO on January 28, 2014.  Ex. E.

81.     Conformis is the assignee of the '998 Patent with ownership of all substantial rights in the '998 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

82.     Defendants have directly infringed, and continue to directly infringe, at least claim 1 of the '998 Patent in violation of 35 U.S.C. § 271(a) and/or (g) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Reflex Uni Accused System.

83.     Claim 1 of the '998 Patent claims:

A method of making a joint replacement device, including:

> obtaining data of a first image volume;

> obtaining data of a second image volume; and

> transforming the data of the first image volume and the data of the second image volume into a common coordinate system,

> wherein the data referenced in the common coordinate system are used to design or select a joint replacement device.

84.     Defendants' Reflex Uni Accused System meets each of the above limitations and/or are made by processes that meet each of the above limitations.

85.     A more detailed analysis of Defendants' infringement of the '998 Patent can be found in Exhibit K, which is incorporated in its entirety as if set forth herein.

86.     Defendants have actively induced others to infringe at least claim 1 of the '998 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and import into the United States the Reflex Uni Accused System.

87.     Defendants have also contributed, and continue to contribute, to their customers' and end users' direct infringement of the '998 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Reflex Uni Accused System to end-users.  The Reflex Uni Accused System is specially made using joint information derived from image data of an individual patient's joint.  Such individualized surgical instruments are not staple articles of commerce and are not suitable for any substantial non-infringing use.  Defendants' use infringes at least claim 1 of the '998 Patent.

88.     Conformis has suffered economic harm because of Defendants' infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

89.     Defendants have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Conformis for which there is

no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '998 Patent.

## SIXTH CLAIM FOR RELIEF

### (Infringement of the '015 Patent)

*Against Bodycad*

90.     Conformis realleges paragraphs 1–89 above as if fully set forth herein.

91.     The '015 Patent is a valid, enforceable patent that was duly issued by the USPTO on November 10, 2015.  Ex. F.

92.     Conformis is the assignee of the '015 Patent with ownership of all substantial rights in the '015 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

93.     Bodycad has directly infringed, and continues to directly infringe, at least claim 1 of the '015 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Fine Osteotomy Accused System.

94.     Claim 1 of the '015 Patent claims:

An implant for correcting an articular surface wear pattern of a joint of a patient, comprising

an implant body having a characteristic topography, an interior surface, and an outer surface,

where the characteristic topography is derived from a wear pattern of the articular surface and is configured to alter the wear pattern of the articular surface to a revised wear pattern

95.    Bodycad's Fine Osteotomy Accused System meets each of the above limitations.

96.    A more detailed analysis of Bodycad's infringement of the '015 Patent can be found in Exhibit L, which is incorporated in its entirety as if set forth herein.

97.    Bodycad has actively induced others to infringe at least claim 1 of the '015 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and import into the United States the Fine Osteotomy Accused System.

98.    Bodycad has also contributed, and continues to contribute, to its customers' and end users' direct infringement of the '015 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Fine Osteotomy Accused System to end-users.  The Fine Osteotomy Accused System is specially made using joint information derived from image data of an individual patient's joint. Such individualized surgical instruments are not staple articles of commerce and are not suitable for any substantial non-infringing use.  Bodycad's use infringes at least claim 1 of the '015 Patent.

99.    Conformis has suffered economic harm because of Bodycad's infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

100.   Bodycad has caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Conformis for which there is no adequate remedy at law.  Unless enjoined by this Court, Bodycad will continue to infringe the '015 Patent.

## V.   PRAYER FOR RELIEF

WHEREFORE, Conformis requests entry of judgment in its favor and against Defendants as follows:

1.   Entry of judgment holding Defendants liable for infringement of the '539, '079, '077, '950, and '998 Patents;

2.   Entry of judgment further holding Bodycad liable for infringement of the'015 Patent;

3.   An order permanently enjoining Defendants, their officers, agents, servants, employees, attorneys and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with them, from continued acts of infringement of the '539, '079, '077, '950, and '998 Patents;

4.   An order permanently enjoining Bodycad, its officers, agents, servants, employees, attorneys and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with it, from continued acts of infringement of the '015 Patent;

5.     An order awarding Conformis statutory damages and damages according to proof resulting from Defendants' past, current, and future infringement of the Asserted Patents, together with prejudgment and post-judgment interest;

6.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Conformis's reasonable attorneys' fees;

7.     Any and all other legal or equitable relief as may be available under law and which the Court may deem proper.

## VI.    JURY DEMAND

Conformis hereby demands trial by jury in this action on all issues so triable.

Dated:  June 3, 2021

Respectfully submitted,

| | |
|---|---|
| JOHN R. EMERSON, ESQUIRE | */s/ John N. Muratides* |
| russ.emerson@haynesboone.com | JOHN N. MURATIDES, ESQUIRE |
| *Lead Counsel* | Florida Bar No. 332615 |
| STEPHANIE N. SIVINSKI, ESQUIRE | jmuratides@stearnsweaver.com |
| stephanie.sivinski@haynesboone.com | lwade@stearnsweaver.com |
| HAYNES AND BOONE, LLP | STEARNS WEAVER MILLER WEISSLER |
| 2323 Victory Avenue, Suite 700 | ALHADEFF & SITTERSON, P.A. |
| Dallas, Texas 75219 | 401 E. Jackson Street, Suite 2100 (33602) |
| (214) 651-5000 | Post Office Box 3299 |
| | Tampa, Florida  33601 |
| *Admission Pro Hac Vice pending* | Telephone:  (813) 223-4800 |
| | Facsimile:  (813) 222-5089 |

LINFENG YANG, ESQUIRE
lin.yang@haynesboone.com
HAYNES AND BOONE, LLP
201 Spear Street, Suite 1750
San Francisco, CA 94105
(415) 293-8900

*Admission Pro Hac Vice pending*

JASON T. LAO, ESQUIRE
jason.lao@haynesboone.com
ANDREA LEVENSON, ESQUIRE
andrea.levenson@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
(949) 202-3000

*Admission Pro Hac Vice pending*

**ATTORNEYS FOR PLAINTIFF CONFORMIS, INC.**

70000/0000/9525256 v1